IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON AUGUSTINE HEREDIA, | No. CIV S-10-0693-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| MICHAEL MARTEL, | |
| Respondent. | |
| _____ / | |

        Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's motion for leave to amend (Doc. 38) and petitioner's motion for an extension of time to file a traverse (Doc. 37).

        Turning first to petitioner's motion for leave to amend, petitioner seeks to file an amended petitioner asserting two claims not raised in the original petition. Both parties agree that the new claims are exhausted. Respondent, however, argues that petitioner seeks to assert sub-claims which are unexhausted and untimely because they do not relate back to the date of the filing of the original, timely, petition.

/ / /

1          Under Federal Rule of Civil Procedure 15(c), which is applicable in habeas proceedings, amendments made after the statute of limitations has run relate back to the date the original pleading was filed if the original and amended pleadings arise out of the same conduct, transaction, or occurrence. See Mayle v. Felix, 125 S.Ct. 2565, 2570 (2005). An amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original petition set forth. See id. at 2566. Relation back requires a common core of operative facts uniting the original and new claims. See id. at 2572. In the habeas context, the Ninth Circuit held that the words "same conduct, transaction, or occurrence" meant that an amended habeas petition would relate back so long as any new claims stems from the petitioner's trial, conviction, or sentence. See id. The Supreme Court noted that, under this formulation, ". . . virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence. . . ." Id. The majority of circuits have adopted a narrower rule in light of AEDPA's one-year statute of limitations. See id. The narrow rule allows relation back only when ". . . the claims added by amendment arise from the same core facts as the timely claims and not when the new claims depend upon events separate in 'both time and type'" from the originally raised claims. Id. In determining whether the amended claim and original claim arose from a common core of operative facts, the Supreme Court in Mayle compared the facts required to answer the dispositive questions presented as to each claim. See id. at 2573.

          In this case, petitioner asserts as follows in his original pro se petition: (1) he would not have been convicted had the jury known that the bruises on the victim's body were due to her anemia and not abuse by petitioner; (2) he is entitled to "constitutional reversal" because the victim's death may have been caused by medication given to her at the hospital; (3) petitioner's trial counsel was ineffective for failing to ensure that the victim's body was preserved for further testing; and (4) the state court erred by not admitting petitioner's

declaration.  Respondent argues that the state court's determination that the first two claims did not raise a prima facie case was not objectively unreasonable, that the state court's denial of the ineffective assistance of counsel claim on the merits was not objectively unreasonable, and that petitioner's fourth assertion does not state a cognizable federal habeas claim.  In the proposed amended petition, petitioner seeks to the raise the following claims: (1) the state court unreasonably applied California v. Trombetta, 467 U.S. 479 (1984), and Arizona v. Youngblood, 488 U.S. 51 (1988), with respect to the trial court's denial of defense motions seeking dismissal or exclusion of evidence due to the prosecution's failure to preserve the victim's body until it could be examined by a defense expert; and (2) trial counsel rendered ineffective assistance by failing to seek a formal order to preserve the victim's body.[1]  Respondent concedes that the Trombetta-Youngblood claim relates back to the original petition such that it can be considered timely.

      Respondent objects to allowing the amendment, however, to the extent petitioner is attempting to raise distinct claims relating to jury instructions.  Specifically, respondent contends that petitioner is raising two distinct and separate sub-claims as follows: (1) the trial court erred by failing to give an instruction permitting the jury to consider the prosecutions' failure to preserve the victim's body; and (2) trial counsel was ineffective for failing to request such an instruction.  Respondent submits that these two sub-claims do not relate back to the original petition because these new claims concern jury instructions given at the end of the trial whereas the original ineffective assistance of counsel claim concerns counsel's conduct prior to trial.  As such, respondent concludes, the new claims are separate in both time and type.

      In reply, petitioner argues simply that the "sub-claims" identified by respondent are not separate and distinct claims but, rather, are "logically subsumed" in his other claims.  Petitioner argues that the issue of a curative instruction is relevant to analyzing whether the trial

---

[1] It thus appears that petitioner is abandoning the first, second, and fourth claims asserted in the original pro se petition.

court violated petitioner's due process rights by not ordering a curative instruction as an appropriate remedy in response to defense motions regarding preservation of the victim's body. Petitioner also argues that the issue of counsel's failure to request a curative instruction is relevant to analyzing whether trial counsel was ineffective in more general terms concerning preservation of the victim's body. The court finds these arguments to be somewhat attenuated and that accepting them would in essence allow petitioner's jury instruction arguments to slip through the back door. Far from being "logically subsumed," the jury instruction claims are distinct arguments factually. For example, petitioner claims that trial counsel was ineffective for failing to seek an order to preserve the victim's body. This necessarily involves factual questions as to what counsel did and did not do <u>before the presentation of evidence</u> which are unrelated to questions as to whether counsel should have sought a curative instruction <u>after the presentation of evidence</u>.

The court will grant petitioner's motion for leave to amend in order to raise the following claims: (1) whether the state court unreasonably applied <u>California v. Trombetta</u>, 467 U.S. 479 (1984), and <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1988), with respect to the trial court's denial of defense motions seeking dismissal or exclusion of evidence due to the prosecution's failure to preserve the victim's body until it could be examined by a defense expert; and (2) whether trial counsel rendered ineffective assistance by failing to seek a formal order to preserve the victim's body. Any assertion that petitioner is entitled to federal habeas relief due to the failure of the trial court to give a curative instruction, or counsel's failure to request the same, do not relate back to the original petition and are, therefore, untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to amend (Doc. 38) is granted;

2. Any claims relating to jury instructions relating to preservation of the victim's body are untimely as they do not relate back to the date the original petition was filed;

3. The Clerk of the Court is directed to file the proposed amended petition;

1           4.      Petitioner's motion for an extension of time to file a traverse (Doc. 37) is
2   denied as moot;
3           5.      Respondent shall file a response to petitioner's amended petition within 30
4   days from the date of service of this order; and
5           6.      Petitioner's traverse or reply (if an answer to the petition is filed), if any,
6   or opposition or statement of non-opposition (if a motion in response to the petition is filed) shall
7   be filed and served within 30 days of service of respondent's response.

 DATED:  March 12, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE